## WILDES *against* MAIRS.

A motion to change the *venue* on the common affidavit, must be before plea filed; if a special ground is laid, the *venue* may be changed after plea pleaded.

This was an action of trespass *vi et armis*, assault and battery, and wounding of the plaintiff. The *venue* was laid in the county of Burlington. The defendant had pleaded *not guilty*, and the cause was now at issue.

*Leake*, for the defendant, moved to change the *venue* to Monmounth, grounding his application upon the common affidavit, which stated that the cause of action, if any, arose in Monmouth, and not in Burlington.

He cited 1 *Imp. K. B.* 162; 1 *Crompt.* 117, to shew that a motion to change the *venue*, required no previous notice, and that the rule would be made absolute in the first instance.

In the Court of King's Bench, from which our rules of practice are derived, it has been adopted as a rule, since the year 1654, that actions upon the case, trespass for goods, assault or imprisonment arising in any English county, are to be laid in their proper counties, and a contrary course is highly reprehensible and punishable. 1 *Richards K. B.* 126; 1 *Richards C. B.* 94. When the defendant is desirous of changing the *venue*, it is always a matter of course, unless the plaintiff will undertake to give material evidence in the county where it is originally laid. *Sherid.* 37; 1 *Rich. K. B.* 123. This motion may be sustained even after the general issue is pleaded, as was done in *Foster* v. *Taylor*, 1 *Term Rep.* 731. In *Hubert* v. *Flower*, 1 *Barnes* 492; 1 *Rich. C. B.* 95, a plea was put in after the motion was made, and before it was made absolute; but the court held that, it having occurred from inadvertence, it was no waiver of the rule.

*R. Stockton*, contra. Trespass and assault, and battery, is a transitory action, and the plaintiff is permitted to lay his *venue* wherever he may deem it most convenient to have the cause tried. The rule of the court in 1654, is contradicted by every day's practice, and ought not to be adopted here. Whatever may be the general rule, it is contrary to the uniform usage to discharge the *venue* after plea pleaded, unless some special ground is shewn. In this case the motion rests upon an affidavit drawn up in the common form, which is altogether insufficient. *Foster* v. *Taylor*, was a case where a special ground was laid, and in all the other cases cited, the motion was made before plea. In *Hardriss* v. *Sandell, Barnes* 478, a rule to change the *venue* was discharged, defendant having had time to plead by a judge's order : and in *Singleton* v. *Lacey, Ib.* it was discharged, because defendant had summoned plaintiff before a judge for time to plead, though the summons was discharged and no order obtained. *Ellis* v. *Chorke, Barnes* 485, and *Gouthouse* v. *Blatland, Ib.* 486, are to the same point. The rule is, that after plea plead the defendant cannot move to change the *venue* in any action. 1 *Imp. K. B.* 160–1 ; 1 *Rich. C. B.* 94 ; 1 *Rich. K. B.* 123, 126.

*Leake* in reply.

*Per Curiam.* An action of trespass for an assault and battery, is a transitory action, and if the rule of the English courts of 1654, in its terms, extends to this description of action, it has never been so received and practiced upon in New Jersey. Besides, if it be a local action, the defendant will have every benefit of the exception on the trial by a motion for a non-suit.

Further, the general rule undoubtedly is, to bring forward a motion of this kind before the plea,\* if it is grounded upon the common affidavit. When a special ground is laid,

---

\* See 3 *Bos.* and *Pul.* 12. *Salmash* v. *Penner.*

and circumstances are brought before the court, by which it is shewn, that the defendant may be exposed to unnecessary difficulty, or that the fair exercise of justice will be interrupted, it may be done even after plea filed.*

The defendant took nothing by his motion.

---

* So it has been decided, that defendant may move to change the *venue* after issue joined, and at any time where there has been no loss of trial, and no delay will be occasioned. *Kent* v. *Dodge*, 3 *John.* 442.